UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALLISON ROSS,

          Plaintiff,

    v.

SANTA CLARA COUNTY SHERIFF'S DEPARTMENT (SCCSD), et al.,

          Defendants.

Case No. 5:14-CV-01770-EJD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

**[Re: Dkt. No. 15]**

Plaintiff Allison Ross ("Plaintiff") initiated the instant action against Defendants Santa Clara County Sheriff's Department ("Sheriff's Department"), Santa Clara County Crime Laboratory ("Crime Laboratory"), Sheriff Laurie Smith ("Sheriff"), County of Santa Clara ("County"), and various deputies and sergeants (collectively, "Defendants"). Presently before the court are Defendants' Motion to Dismiss and Motion to Strike Plaintiff's First Amended Complaint ("FAC"). For the reasons stated below, Defendants' motions are GRANTED IN PART AND DENIED IN PART.

## I.      BACKGROUND

Plaintiff alleges that on December 31, 2009, at about 11:00 p.m., she called the Sheriff's Department to report a home invasion. FAC at ¶ 13. Officers of the Sheriff's Department arrived at Plaintiff's home, located in an unincorporated area of the County of Santa Clara. Id. When the officers arrived, they approached Plaintiff who was outside her home and detained her. Id. Without Plaintiff's consent and under the alleged pretense of conducting a "safety sweep," each of

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

the officers then entered Plaintiff's home and searched it.  Id. at ¶¶ 13, 17.  While Plaintiff was detained outside the home, she allegedly overheard the officers say that a search warrant had been denied.  Id. at ¶ 16.   At some point, the officers re-entered the home, opened and rummaged through dresser drawers in bedrooms and drawers in the kitchen.  Id. at ¶ 15.  Defendants allegedly gathered personal property from the home and staged them in one area to make it seem as if they were in plain sight.  Id.  Defendants could not find narcotics in the home, thus they allegedly planted narcotics that were kept in one of the officers' vehicles.  Id. at ¶ 18.  The Sheriff's Incident Report states that two bags of white powder were found and confiscated.  Id. at ¶ 19.  The Vehicle Dash Camera video and transcript allegedly recorded the officers saying: "the house is clean, there is no meth in the house," "we're gonna spike that and were gonna spike him," and "I got the meth in the – car."  Id.  There were allegedly 25 pictures taken of Plaintiff's home, including pictures of the kitchen counter where the narcotics were found and seized, but none of the pictures showed the narcotics.  Id. at ¶ 20.  At the preliminary hearing, Defendants admitted not finding any narcotics in the home.  Id.  Defendants seized rifles and gun cases from Plaintiff's home.  Id. at ¶ 23.

Plaintiff alleges that while she was detained outside of her home, each of the Defendants strongly encouraged Plaintiff to drink from an open container of bottled water.  Id. at ¶ 21.  Plaintiff resisted and took a few sips, but the amount sipped was not satisfactory to Defendants.  Id.  Later, Defendants allegedly took Plaintiff's blood samples from the Santa Clara County Lab Phlebotomist and entered the samples into the laboratory themselves, giving them an opportunity to tamper with the samples.  Id. at ¶¶ 22-23.  At Plaintiff's criminal trial, the County Lab Phlebotomist testified that the officers had full custody and control of the blood samples prior to submitting them into evidence.  Id. at ¶ 22.

Plaintiff alleges that on January 2, 2010, the Sheriff's Department prepared an Incident Report that contained false statements and inaccurate information.  Id. at ¶ 24.  Defendants allegedly covered up the fact that the Incident Report contained false information while knowing

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

that it would be key evidence against Plaintiff in the criminal case against her. Id. at ¶ 26. The Incident Report, the perjury committed at the preliminary hearing and jury trial, and the concealment of exculpatory evidence allegedly caused Plaintiff to be falsely arrested, incarcerated, and prosecuted by the District Attorney. Id. at ¶ 27. The Sheriff's Department allegedly has a long-standing official policy, custom, pattern, practice and procedure of fabricating reports and planting evidence. Id. at ¶ 25. The Sheriff's Department also allegedly trained and/or supervised its officers to create false information and fabricate information on incident reports supporting a crime that did not occur. Id. The Crime Laboratory allegedly has a long-standing official policy, custom, pattern, practice and procedure of fabricating reports. Id. at ¶ 28. The County allegedly improperly trained its phlebotomists and toxicologists to create negligent and/or false information on toxicology reports. Id.

Plaintiff alleges that on January 20, 2010, a Misdemeanor Criminal Complaint was filed charging Plaintiff with using and being under the influence of a controlled substance (methamphetamine) in violation of California Health and Safety Code § 11550(a). Id. at ¶ 29. Plaintiff was arraigned in Santa Clara County Superior Criminal Court. Id. Plaintiff's criminal case proceeded to jury trial. Four days into the jury trial, the District Attorney's Office dismissed the criminal charges against Plaintiff. Id. at ¶ 30. The supervisor of the District Attorney's Misdemeanor Team allegedly stated that the charges were being dismissed in the interest of justice because he had become aware that false statements were presented to the jury and he felt that the District Attorney's Office could not present a "fair and accurate version of the facts." Id. Plaintiff alleges that the Santa Clara County District Attorney's Office agreed to a common plan, scheme and/or design to withhold exculpatory evidence from Plaintiff's trial, including evidence from Defendants' Dash Camera Video and audio statements. Id. at ¶ 31.

Plaintiff commenced the instant action on April 17, 2014. See Dkt. No. 1. Her FAC was filed on April 30, 2014. See Dkt. No. 5. Defendants filed the instant motions in July 2014. See Dkt. No. 15. Plaintiff filed an opposition brief, and Defendants filed a reply brief. See Dkt. Nos.

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

16, 17.  Oral argument was held on October 10, 2014.

Plaintiff's FAC brings forth various 42 U.S.C. § 1983 claims and state law claims.  The table below is a summary of Plaintiff's claims:

|  | Cause of Action | Defendant(s) |
|---|---|---|
| First | 42 U.S.C. § 1983 (Alleging violations of Fourth, Fifth, Fifth, Eighth, and Fourteenth Amendment rights) | All Defendants |
| Second | Abuse of Process | All Defendants |
| Third | Malicious Prosecution | All Defendants |
| Fourth | False Imprisonment | Deputies and Sergeants |
| Fifth | Intentional Infliction of Emotional Distress | All Defendants |
| Sixth | Negligent Infliction of Emotional Distress | All Defendants |
| Seventh | 42 U.S.C. § 1983 (Alleging violation of California Civil Code § 52.1) | All Defendants |
| Eighth | Negligence | All Defendants |
| Ninth | Negligent Hiring, Retention, Training, Supervision and Discipline | Santa Clara County and Sheriff's Department |
| Tenth | 42 U.S.C. § 1983 (Alleging violation of California Civil Code § 52.1, Fourth and Fourteenth Amendment rights) | Santa Clara County, Deputies, and Sergeants |
| Eleventh | Brady Claim | All Defendants |
| Twelfth | 42 U.S.C. § 193: Monell Claim (Alleging violation of Fourth Amendment rights, Improper Supervision/Training, Failure to Supervise, and Ratification) | Santa Clara County and Sheriff Laurie Smith |
| Thirteenth | 42 U.S.C. § 1983: Conspiracy | All Defendants |
| Fourteenth | 42 U.S.C. § 1983: Civil Conspiracy to Deny Substantive Due Process Based on Tampering with and Falsifying Evidence | All Defendants |

Plaintiff, a chiropractor, allegedly sustained special damages, including attorney fees in defending the criminal action, loss of earnings from her business, loss of earning capacity, and damage to her reputation.  FAC at ¶ 35.  Plaintiff has also allegedly sustained non-economic damages for pain, suffering, damage to reputation, unwarranted shame, anxiety, humiliation, loss of her sense of security, dignity, pride as a United States citizen, and severe and permanent emotional distress and damage.  Id. at ¶ 36.

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true.  Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986); see Fed. R. Civ. P. 12(b)(6).  This rule does not apply to legal conclusions—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." Id. This threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.

### B.    Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Such motions are disfavored, thus a motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).  When the court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A motion to strike should be denied if there is any doubt whether the allegations in the pleadings might be relevant in the action.  Id.

## III.    DISCUSSION

As an initial matter, Defendants argue that the Sheriff's Department and the Crime

5

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Laboratory are improper parties under Section 1983.  They further argue that Plaintiff's Section

2  1983 claims should be dismissed for failure to state a claim.  Lastly, Defendants argue that all of

3  Plaintiff's state law claims should be dismissed for failure to comply with the California

4  Government Tort Claims Act ("Tort Claims Act").  Each issue will be addressed in turn.

5  **A.      County Departments as Parties in Section 1983 Claims**

6          Defendants move to dismiss the Sheriff's Department and Crime Laboratory as improper

7  parties in Plaintiff's Section 1983 claims because they are components of the County and not

8  "persons" under the statute.  Dkt. No. 15 at 6-7.  Plaintiff did not respond to this argument.

9          Section 1983 provides that "[e]very person" who acts under color of law to deprive another

10  person of rights, privileges, or immunities secured by the Constitution shall be liable.  42 U.S.C. §

11  1983.  The Ninth Circuit has "unequivocally held that when a California sheriff's department

12  performs the function of conducting criminal investigations, it is a county actor subject to suit

13  under [Section] 1983." Jackson v. Barnes, 749 F.3d 755, 764 (9th Cir. 2014).  Such functions

14  include investigating a crime, executing a search warrant, and administering jails.  Id. (collecting

15  cases).

16          Here, the FAC is based on the December 2009 incident where officers of the Sheriff's

17  Department arrived to Plaintiff's residence in response to a home invasion call, entered and

18  searched her home, presumably found narcotics, took pictures of where the narcotics were found,

19  and arrested Plaintiff.  FAC at ¶¶ 13, 15, 18, 20, 23.  On its face, it appears that the officers were

20  conducting a criminal investigation.  As such, the Sheriff's Department will be considered a

21  county actor subject to suit under Section 1983.  Defendant's motion to dismiss the Sheriff's

22  Department as an improper party in Section 1983 claims is DENIED.

23          As to the Crime Laboratory, the court takes judicial notice that the Crime Laboratory is

24  part of the Santa Clara County District Attorney's Office.[1]  "The District Attorney's Office . . .

25  _____

26  [1] Office of the District Attorney,
http://www.sccgov.org/sites/da/prosecution/DistrictAttorneyDepartments/Pages/Laboratory-of-

27  Criminalistics.aspx (last visited Oct. 3, 2014).  "The court may judicially notice a fact that is not

6

28  Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

acts as a state office with regard to actions taken in its prosecutorial capacity, and is not subject to

suit under [Section] 1983." Jackson, 749 F.3d at 767.  Accordingly, Defendants' motion to

dismiss the Crime Laboratory as an improper party in Section 1983 claims is GRANTED.

**B.      Federal Claims**

        In her FAC, Plaintiff alleges various 42 U.S.C. § 1983 claims.  Each will be addressed.

        1.      First Cause of Action: Section 1983

        Plaintiff alleges a Section 1983 claim for the violation of her Fourth, Fifth, Eighth, and

Fourteenth Amendment rights.  FAC at ¶ 41.  She alleges that the County had customs and

policies that include: (1) teaching and encouraging Sheriff's Department officers to create false

incident reports; and (2) failing to adequately train or supervise (i) the prohibition of fabricating or

planting evidence, (ii) the prohibition of providing perjured testimony, and (iii) the officers'

obligation to produce exculpatory evidence.  Id. at ¶ 38.  In the alternative, Plaintiff alleges that

the County authorized, directed, and ratified the unlawful conduct.  Id. at ¶ 40.

                i.      *Violation of the Fourth Amendment: Unreasonable Search and Seizure*

        Defendants move to dismiss the Fourth Amendment claim for unreasonable search and

seizure, or alternatively strike allegations pertaining to unreasonable search and seizure.  Dkt. No.

15 at 9.  The issue in dispute is whether Plaintiff's claim is time barred.

        Defendants argue that the statute of limitations on a Section 1983 claim based on a

violation of the Fourth Amendment for unreasonable search and seizure is two years, accruing on

the date of the wrongful act.  Id. at 8.  Given that the alleged wrongful acts occurred on December

31, 2009, Defendants argue that Plaintiff's claim is time barred because she did not file by

December 31, 2011.  Id.  Plaintiff, however, argues that the statute of limitations should be tolled

under California Government Code § 945.3.  Dkt. No. 16 at 5.

        The statute of limitations for a Section 1983 claim "is the personal injury statute of

---

subject to reasonable dispute because it is generally known within the trial court's territorial
jurisdiction."  Fed. R. Evid. 201(b)(1).

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

1  limitations of the state in which the cause of action arose."  Alameda Books, Inc. v. City of L.A.,

2  631 F.3d 1031, 1041 (9th Cir. 2011).  In California, the statute of limitations for this cause of

3  action is two years.  Cal. Civ. Proc. Code § 335.1.  "[U]nder federal law, a claim accrues when the

4  plaintiff knows or has reason to know of the injury which is the basis of the action."  Lukovsky v.

5  City & Cnty. of S.F., 535 F.3d 1044, 1048 (9th Cir. 2008).  Here, Plaintiff alleges that the

6  unreasonable search and seizure occurred on December 31, 2009.  FAC at ¶ 21.  Thus, Plaintiff

7  had until December 31, 2011 to file the instant action.  She did not file her complaint until April

8  17, 2014.  See Dkt. No. 1.  Therefore, her claim is time barred on its face.

9      As to tolling, Plaintiff relies on California Government Code § 945.3 to argue that her

10  claim should be tolled because she was barred from filing any claim against Defendants until the

11  criminal case against her had concluded.  Dkt. No. 16 at 6.  Given that her criminal case ended on

12  March 7, 2013, Plaintiff argues that her claim was timely when she filed on April 17, 2014.  Id.  In

13  its reply brief, Defendants argue that tolling only applies to the offense with which Plaintiff was

14  charged: being under the influence of a controlled substance.  Dkt. No. 17 at 2.  They argue that

15  the conduct of the Sheriff's Office regarding the alleged search and seizure was unrelated to the

16  charged criminal offense and the officers' conduct, thus the statute of limitations should not be

17  tolled.  Id.

18      Section 945.3 provides:

19          No person charged by indictment, information, complaint, or other
            accusatory pleading charging a criminal offense may bring a civil
20          action for money or damages against a peace officer or the public
            entity employing a peace officer based upon conduct of the peace
21          officer relating to the offense for which the accused is charged,
            including an act or omission in investigating or reporting the offense
22          or arresting or detaining the accused, while the charges against the
            accused are pending before a superior court.
23
            Any applicable statute of limitations for filing and prosecuting these
24          actions shall be tolled during the period that the charges are pending
            before a superior court.
25
    The Ninth Circuit has held that the first paragraph of the statute does not apply to Section 1983
26
    claims.  Harding v. Galceran, 889 F.2d 906, 908 (9th Cir. 1989).  Thus, a party can bring a Section
27
                                              8
28  Case No. 5:14-CV-01770
    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
    DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

United States District Court
Northern District of California

1983 claim while state criminal charges are pending.  Id.  The tolling provision, however, does

apply because it "is consistent with the objectives behind [S]ection 1983 actions."  Id.  The claim

is tolled only while criminal charges are pending, until the date of judgment.  Trimble v. City of

Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

      At oral argument, Defendants relied on Wallace v. Kato, 549 U.S. 384 (2007), to argue that

tolling only applies to the offense with which Plaintiff is charged.  The Wallace decision, however,

is not enlightening as to this issue.  In Wallace, petitioner was charged with murder, and was later

convicted at trial and sentenced.  549 U.S. at 386.  On appeal, the appellate court held that

petitioner was arrested without probable cause, in violation of the Fourth Amendment.  Id.  Given

the illegal arrest, petitioner's confession was found inadmissible and the case was remanded for a

new trial.  Id. at 387.  Prosecutors dismissed the charges against petitioner, and petitioner then

filed a Section 1983 suit seeking damages arising from his unlawful arrest.  Id.  The issue before

the Supreme Court was whether the cause of action accrued at the time of petitioner's arrest or

when his conviction was set aside.  Id.  The Supreme Court held that the statute of limitations on a

Section 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment

begins to run when the claimant appears before the examining magistrate and is bound over for

trial.  Id. at 391-92, 397.  The Supreme Court found that tolling of the statute of limitations could

not be applied on the date conviction was set aside because, at that point, the tort of false arrest

had converted to a tort of malicious prosecution.  Id. at 389-90.  The Supreme Court also

discussed the Heck v. Humphrey bar to tolling of the statute of limitations, but that does not apply

here because Plaintiff was never convicted.[2]  Id. at 392-94.  Defendants' use of Wallace as it

relates to the instant case is unclear given that the Supreme Court did not differentiate between

two events that occurred at the same time.  This court finds that Plaintiff's cause of action alleging

---

[2] Under the Heck bar, "if a criminal conviction arising out of the same facts stands and is
fundamentally inconsistent with the unlawful behavior for which [S]ection 1983 damages are
sought, the 1983 action must be dismissed."  Beets v. County of Los Angeles, 669 F.3d 1038,
1042 (9th Cir. 2012) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

unlawful search and seizure and the offense with which she was charged all arise out of the same events that occurred on December 31, 2009, thus the tolling provision is applicable.

Here, the District Attorney filed criminal charges against Plaintiff on January 20, 2010. FAC at ¶ 29.  Assuming that the criminal case against Plaintiff did end on March 7, 2013, as stated in her opposition brief, Plaintiff had charges pending for 1,142 days.[3]  Consequently, Plaintiff has until February 15, 2015 to file a Fourth Amendment claim.[4]  However, the FAC does not allege the date the charges were dismissed, thus the court cannot evaluate whether the Fourth Amendment claim is time barred.[5]  As it is currently pled, the claim is time barred.  Accordingly, Defendants' motion to dismiss the Fourth Amendment claim is GRANTED.

### ii.   *Violation of the Fifth Amendment*

Defendants move to dismiss the Fifth Amendment due process claim, or alternatively strike the due process allegations.  Dkt. No. 15 at 7.  Defendants argue that this claim applies only if there are claims asserted against the federal government, which is not the case here.  Id. Plaintiff did not respond to this argument.

"[T]he Fifth Amendment's due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  Here, Plaintiff asserts no claims against the federal government.  Accordingly, Defendants' motion to dismiss the Fifth Amendment claim is GRANTED.

### iii.   *Violation of the Eighth Amendment*

Defendants move to dismiss the Eighth Amendment claim, or alternatively strike the Eighth Amendment allegations.  Dkt. No. 15 at 8.  Defendants argue that this claim applies only if a plaintiff has been convicted and sentenced, which is not the case here.  Id.  Plaintiff did not

---

[3] This is the number of days from when Plaintiff was charged (January 20, 2010) to when the criminal case allegedly ended (March 7, 2013).  FAC at ¶ 29.
[4] Plaintiff's two-year statute of limitations expired on December 31, 2011.  Adding 1,142 days results in the date of February 15, 2015.  See Pedroza v. Pham, 2014 WL 1389426, at *3 (N.D. Cal. Apr. 9, 2014) (Tigar, J.) (calculating tolling).
[5] Plaintiff states in her opposition brief that the criminal case against her ended on March 7, 2013. Dkt. No. 16 at 6.  This date, however, is not alleged in the FAC.

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

respond to this argument.

The Eighth Amendment's prohibition against "cruel and unusual punishment" applies only after conviction and sentence. Graham v. Conor, 490 U.S. 386, 393 n.6 (1989). Here, Plaintiff alleges that criminal charges against her were dismissed, thus she was neither convicted nor sentenced. FAC at ¶ 30. Accordingly, Defendants' motion to dismiss the Eighth Amendment claim is GRANTED.

### iv.  *Perjured Testimony*

Defendants move to dismiss allegations that the Sheriff deputies committed perjury in their testimony because they are entitled to testimonial immunity. Dkt. No. 15 at 9. Alternatively, Defendants move to strike the language "and providing perjured testimony" from this cause of action. Id. In the complaint, the language for perjured testimony is not a standalone claim, but it is language pertaining to the first cause of action of a Section 1983 claim. As such, only the motion to strike will be considered in determining whether it is proper for such language to remain in the complaint.

Defendants argue that the language referring to perjured testimony should be struck because the Sheriff deputies have absolute testimonial immunity that covers them for the alleged pre-trial conspiracy to commit perjury and for the alleged perjury during their testimony at trial. Dkt. No. 15 at 9. Plaintiff argues that the claims against Defendants arise from the actions they took at the time of her arrest, and that there is no absolute immunity for written statements made in arrest warrants or incident reports. Dkt. No. 16 at 6. Defendants agree with Plaintiff that immunity does not cover non-testimonial acts or allegations that the incident report and arrest warrant contained false statements. Dkt. No. 17 at 3. The question remains, however, whether there is absolute testimonial immunity for the alleged conspiracy to commit perjury and the perjured testimony at trial. Id.

The Ninth Circuit has stated that "[w]itnesses, including police witnesses, are accorded absolute immunity from liability for their testimony in judicial proceedings." Paine v. City of

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

1    Lompoc, 265 F.3d 975, 980 (9th Cir. 2001).  Absolute immunity covers perjured testimony

2    provided at trial.  Franklin v. Terr, 201 F.3d 1098, 1099 (9th Cir. 2000).  Additionally, absolute

3    immunity "applies to allegations of conspiracy to commit perjury by someone who has testified as

4    a witness in the proceeding where the perjury took place, or was to take place."  Id. at 1102.

5            Here, Plaintiff alleges that the County failed to adequately provide the Sheriff's

6    Department officers with sufficient training and/or supervision regarding the prohibition of

7    providing perjured testimony.  FAC at ¶ 38.  Given that the deputies are protected by absolute

8    immunity, it would be improper to have the language "and providing perjured testimony" in the

9    pleadings.  Accordingly, Defendants' motion to strike this language is GRANTED.

10                      v.    *Deliberate Fabrication of Evidence*

11           Defendants move to dismiss allegations pertaining to the deliberate fabrication of evidence.

12   Dkt. No. 15 at 10.  Alternatively, Defendants move to strike the language "prohibition on

13   fabricating and/or planting evidence and" from this cause of action.  Id.  In the complaint, the

14   language for deliberate fabrication of evidence is not a standalone claim, but it is language

15   pertaining to the first cause of action of a Section 1983 claim.  As such, only the motion to strike

16   will be considered in determining whether it is proper for such language to remain in the

17   complaint.

18           Defendants argue that a plaintiff must be wrongfully convicted in order to assert

19   fabrication of evidence.  Id.  They argue that Plaintiff cannot allege this cause of action because

20   she has not been convicted.  Id.  Plaintiff, however, argues that conviction[6] is not necessary.  Dkt.

21   No. 16 at 7.

22           The authority cited by Defendants is not persuasive because it is either inapposite or

23   nonbinding.  Moreover, Defendants focus on a fabrication-of-evidence claim, which is not at issue

24   here because Plaintiff is not asserting such a claim.  Instead, Plaintiff is merely using language that

25   contains the words "fabricating and/or planting evidence."  Given that Defendants provide no

26

27   ───────────────
     [6] Plaintiff's brief uses the term "incarceration," but the court assumes that she meant conviction.

28   Case No. 5:14-CV-01770
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
     DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

authority suggesting that a wrongful conviction is necessary to assert fabrication of evidence, the language "prohibition on fabricating and/or planting evidence and" may remain in the complaint. Accordingly, Defendants' motion to strike is DENIED.

vi.  <em>Exculpatory Evidence</em>

Defendants move to dismiss the <u>Brady</u>-based claim regarding the disclosure of exculpatory evidence. Dkt. No. 15 at 11. Alternatively, Defendants move to strike the language "obligations to produce exculpatory evidence." <u>Id.</u> at 12. In the complaint, the language regarding exculpatory evidence is not a standalone claim, but is language pertaining to the first cause of action of a Section 1983 claim. As such, only the motion to strike will be considered in determining whether it is proper for such language to remain in the complaint.

Defendants argue that Plaintiff's <u>Brady</u>-based claim regarding the production of exculpatory evidence fails because Plaintiff was not convicted, which is a prerequisite for a <u>Brady</u> claim. <u>Id.</u> at 12. Plaintiff, however, argues that conviction is not required for such a claim. Dkt. No. 16 at 8.

Defendants focus on a <u>Brady</u>-based claim, which is not at issue here because Plaintiff is not asserting such a claim. Instead, Plaintiff merely uses language that contains the words "produce exculpatory evidence." Nonetheless, in order to allege the failure to produce exculpatory evidence, the plaintiff must have been convicted. <u>See</u> <u>Puccetti v. Spencer</u>, 476 Fed. Appx. 658, 660-61 (9th Cir. 2011). Plaintiff alleges that four days into the jury trial in the underlying criminal matter, the District Attorney's Office dismissed the criminal charges against her. FAC at ¶ 30. Given that Plaintiff was not convicted, it would be improper to have the language "obligations to produce exculpatory evidence" as part of her Section 1983 claim. Accordingly, Defendants' motion to strike this language is GRANTED.

vii.  <em>Municipal Liability</em>

Defendants move to dismiss claims alleging municipal liability that fail to state a constitutional claim, or alternatively move to strike allegations implicating the County and Sheriff.

13

1    Dkt. No. 15 at 13.

2          Defendants argue that there can be no municipal liability where there has been no

3    underlying constitutional violation by a municipal employee.  Id.  Plaintiff, however, argues that

4    she has pled sufficient facts to show that Defendants violated her constitutional rights.  Dkt. No.

5    16 at 8.

6          The Ninth Circuit has stated that "[m]unicipalities are 'persons' under [Section 1983] and

7    thus may be liable for causing a constitutional deprivation."  Long v. County of Los Angeles, 442

8    F.3d 1178, 1185 (9th Cir. 2006) (citing Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S.

9    658, 690 (1978)).  However, "a municipality may not be sued under [Section] 1983 solely because

10   an injury was inflicted by its employees or agents."  Id.  "Instead, it is only when execution of a

11   government's policy or custom inflicts the injury that the municipality as an entity is responsible."

12   Id.  "A policy is a deliberate choice to follow a course of action made from among various

13   alternatives by the official or officials responsible for establishing final policy with respect to the

14   subject matter in question."  Id. (internal quotations and citations omitted).

15         Here, Plaintiff has so far failed to plead a viable Section 1983 claim alleging violation of

16   her Fourth, Fifth, and Eight Amendment rights.  However, Defendants did not oppose Plaintiff's

17   claim of a Fourteenth Amendment violation.  Given that this alleged constitutional violation

18   proceeds, there is an underlying constitutional claim for alleging municipal liability.  Accordingly,

19   Defendants' motion to dismiss claims alleging municipal liability is DENIED.

20         2.      Seventh Cause of Action: Section 1983 Claim Alleging Violation of California

21                 Civil Code § 52.1

22         Plaintiff's heading states: "Violation of Civil Rights 42 U.S.C. § 1983 – California Civil

23   Code § 52.1," but her allegations consist only of a Section 52.1 violation.  FAC at ¶¶ 76-77.

24   Plaintiff alleges that Defendants interfered with her exercise of civil rights by using manufactured

25   evidence and perjured testimony, and by improperly detaining her.  Id. at ¶ 76.

26         Defendants set forth the same arguments as above: (1) dismiss, or strike, claims alleging a

27

28   Case No. 5:14-CV-01770
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
     DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

14

violation of the Fourth Amendment for unlawful search and seizure; (2) dismiss, or strike, claims alleging perjured testimony; (3) dismiss, or strike, claims alleging the deliberate fabrication of evidence; and (4) dismiss, or strike, claims alleging municipal liability.  Dkt. No. 15 at 8-10, 13.

California Civil Code § 52.1 (the "Bane Act") provides a private right of action for damages against any person who interferes with one's constitutional or statutory rights through threats, intimidation, or coercion.  To assert a Section 1983 claim, however, only the deprivation of federal rights can be alleged.  Accordingly, to the extent this cause of action alleges a Section 1983 claim based on a violation of the Bane Act, those allegations are DISMISSED as a matter of law.  Remaining is the claim alleging a violation of state law, which will be addressed below.[7]

3. <u>Tenth Cause of Action: Section 1983 Claim Alleging Violation of California Civil Code § 52.1 and Fourth Amendment</u>

Plaintiff primarily asserts a Section 1983 claim for the violation of her Fourth Amendment rights.  She alleges that on December 31, 2009, she had the right to be free from unreasonable searches and seizures, drugged by, or having evidence planted by the officers.  FAC at ¶ 91.  She alleges that Defendants entered her home, conducted an illegal search, planted evidence, seized evidence, drugged her, and made a false arrest.  <u>Id.</u> at ¶ 92.

i. *Violation of the Bane Act*

As stated above, to the extent this cause of action alleges a Section 1983 claim based on a violation of the Bane Act, those allegations are DISMISSED as a matter of law.

ii. *Violation of the Fourth Amendment: Unreasonable Search and Seizure*

Defendants set forth the same argument as above: Allegations concerning unreasonable search and seizure are time barred.  As found above, Defendants' motion to dismiss the Fourth Amendment claim is GRANTED because it is time barred as it is currently pled.

iii. *Deliberate Fabrication of Evidence*

As above, Plaintiff is not alleging a claim for the deliberate fabrication of evidence.

---

[7] <u>See</u> Section C: State Law Claims.

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

1   Instead, she is merely using the language "having evidence planted by sheriff and/or police

2   officers" and "planted evidence" to factually describe her allegations.  Compl. at ¶¶ 91-92.  Given

3   that Defendants provide no authority suggesting that a wrongful conviction is necessary to allege

4   fabrication of evidence, this language may remain in the complaint.  Accordingly, Defendants'

5   motion to strike is DENIED.

6          4.          Twelfth Cause of Action: *Monell* Claim Under Section 1983

7          Plaintiff alleges that the County and the Sheriff knew or should have known about the

8   officers' misconduct that includes illegal searches and seizures, and falsification of evidence.

9   FAC at ¶ 99.  She also alleges that the County knew or should have known that the officers were

10  improperly supervised or trained.  Id. at ¶¶ 100-01.  Plaintiff alleges that Defendants approved,

11  ratified, condoned, encouraged, or authorized the misconduct and civil rights violations.  Id. at ¶

12  102.

13                 i.     *Violation of the Fourth Amendment: Unreasonable Search and Seizure*

14         Defendants set forth the same argument as above: Allegations concerning unreasonable

15  search and seizure are time barred.  As found above, Defendants' motion to dismiss the Fourth

16  Amendment claim is GRANTED because it is time barred as it is currently pled.

17                 ii.    *Deliberate Fabrication of Evidence*

18         As above, Plaintiff is not alleging a claim for the deliberate fabrication of evidence.

19  Instead, she is merely using the language "falsification of evidence" to factually describe her

20  allegations.  Compl. at ¶ 99.  Given that Defendants provide no authority suggesting that a

21  wrongful conviction is necessary to allege fabrication of evidence, this language may remain in

22  the complaint.  Accordingly, Defendants' motion to strike is DENIED.

23                 iii.   *Municipal Liability*

24         Defendants set forth the same argument as above: There can be no municipal liability

25  where there has been no underlying constitutional violation by a municipal employee.  Here, the

26  only constitutional violation asserted by Plaintiff is a violation of her Fourth Amendment right.

27

28

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

As stated above, her Fourth Amendment claim is time barred.  Accordingly, Defendants' motion to dismiss Plaintiff's claim of municipal liability is GRANTED.

5.    Thirteenth Cause of Action: Section 1983 Claim Alleging Conspiracy

Plaintiff alleges that on December 31, 2009, Defendants conspired and acted in concert to deliberately fabricate false evidence against Plaintiff.  FAC at ¶ 107.  Plaintiff alleges that as a result of Defendants conspiring to subject Plaintiff to criminal charges on the basis of false evidence that was deliberately fabricated or planted, Plaintiff was deprived of due process.  Id. at ¶ 108.

i.    *Due Process*

Defendants set forth the same argument as above: The Fifth Amendment due process clause applies only to the federal government.  Plaintiff, however, does not specify whether she is asserting the Fifth Amendment or Fourteenth Amendment due process clause.  To the extent Plaintiff asserts the Fifth Amendment due process clause, Defendants' motion to dismiss is GRANTED.  To the extent Plaintiff asserts the Fourteenth Amendment due process clause, her claim may proceed given the absence of an objection.

ii.    *Conspiracy*

Defendants move to dismiss the claim of conspiracy, or alternatively move to strike allegations of conspiracy.  Dkt. No. 15 at 13.

Defendants argue that a conspiracy claim under Section 1983 requires an underlying constitutional violation, which Plaintiff fails to allege.  Id. at 12-13.  Plaintiff, however, argues that she has alleged sufficient facts to support a claim that Defendants acted in concert to deprive her of her constitutional rights.  Dkt. No. 16 at 8.

The Ninth Circuit has stated that "[c]onspiracy is not itself a constitutional tort under [Section] 1983."  Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012).  There must always be an underlying constitutional violation.  Id.  Since a conspiracy claim can "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation," this claim "is

17

United States District Court
Northern District of California

1   usually alleged . . . to draw in private parties who would otherwise not be susceptible to a

2   [Section] 1983 action [.]"  Id. (internal citations omitted).

3       Here, Plaintiff alleges that in December 2009, Defendants conspired to deliberately

4   fabricate false evidence against her.  FAC at ¶ 107.  As a result, Plaintiff was deprived of her right

5   to be free from violation of her due process.  Id.  To the extent Defendants' argument is based on

6   Plaintiff's failure to allege a constitutional violation, the argument is overcome by Plaintiff

7   alleging a violation of her constitutionally protected right of due process.  Accordingly,

8   Defendants' motion to dismiss the conspiracy claim is DENIED.

9                   iii.    *Deliberate Fabrication of Evidence*

10      As above, Plaintiff is not alleging a claim for the deliberate fabrication of evidence.

11  Instead, she is merely using the language "to deliberately fabricate false evidence" and "false

12  evidence deliberately fabricated and/or planted" to factually describe her allegations.  Compl. at ¶¶

13  107-08.  Given that Defendants provide no authority suggesting that a wrongful conviction is

14  necessary to allege fabrication of evidence, this language may remain in the complaint.

15  Accordingly, Defendants' motion to strike is DENIED.

16                  iv.    *Municipal Liability*

17      Defendants set forth the same argument as above: There can be no municipal liability

18  where there has been no underlying constitutional violation by a municipal employee.  Here,

19  Plaintiff alleged a due process violation.  Accordingly, Defendants' motion to dismiss Plaintiff's

20  claim of municipal liability is DENIED.

21          6.      Fourteenth Cause of Action: Civil Conspiracy to Deny Substantive Due Process

22                  Based on Tampering With and Falsifying Evidence

23      Plaintiff alleges a Section 1983 claim for the violation of due process under the Fourteenth

24  Amendment.  FAC at ¶ 110-11.  Plaintiff alleges that there was an agreement between Defendants

25  to work in concert and under color of law to violate Plaintiff's constitutional right to due process

26  of law by ignoring, tampering with, destroying, and falsifying evidence.  Id. at ¶ 112.  Plaintiff

27

28  Case No. 5:14-CV-01770
    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
    DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

18

alleges that Defendants had a common objective to violate her constitutional rights in order to ensure her conviction and ongoing incarceration on death row.  Id. at ¶ 113.  She further alleges that the extensive misconduct during the investigation and pendency of Plaintiff's trial in hiding Defendants' bad acts are unlikely to have been undertaken without an agreement.  Id. at ¶ 114.  She alleges that Defendants' actions constituted a deprivation of Plaintiff's rights to a fair and unadultered investigation.  Id. at ¶ 115.

### i.    *Deliberate Fabrication of Evidence*

As above, Plaintiff is not alleging a claim for the deliberate fabrication of evidence.  Instead, she is merely using the language "ignoring, tampering with, destroying, and falsifying evidence" to factually describe her allegations.  Compl. at ¶ 112.  Given that Defendants provide no authority suggesting that a wrongful conviction is necessary to allege fabrication of evidence, this language may remain in the complaint.  Accordingly, Defendants' motion to strike is DENIED.

### ii.    *Municipal Liability*

Defendants set forth the same argument as above: There can be no municipal liability where there has been no underlying constitutional violation by a municipal employee.  Here, Plaintiff alleges a violation of her Fourteenth Amendment due process right, which Defendants did not oppose.  Accordingly, Defendants' motion to dismiss Plaintiff's claim of municipal liability is DENIED.

## C.    State Law Claims

Defendants argue that Plaintiff's state law claims are barred because she failed to comply with the Tort Claims Act.  Dkt. No. 15 at 13.  The issue in dispute is whether Plaintiff's submission of the Government Claim prior to filing this lawsuit was timely.

Defendants argue that Plaintiff was required to submit her Government Claim within six months of the December 31, 2009 event.  Dkt. No. 15 at 14.  They also argue that assuming Plaintiff timely submitted her Government Claim, she then had to file the instant lawsuit within

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

1    six months of her Government Claim being rejected by the County, making the instant action

2    untimely.  Id.  Plaintiff argues that she filed her Government Claim within six months of dismissal

3    of her criminal case on March 7, 2013.  Dkt. No. 16 at 9.  At oral argument, Plaintiff argued that

4    she was unable to file her Government Claim earlier because she did not know the extent of the

5    officers' misconduct until trial.  She further argues that California Government Code § 945.3

6    tolled the statute of limitations, allowing her to file her Government Claim after the dismissal of

7    her criminal case.  Dkt. No. 16 at 9.

8          1.    Accrual of the Cause of Action

9          Under the Tort Claims Act, a plaintiff must present a claim to the public entity no more

10   than six months after accrual of the cause of action.  Cal. Gov't Code § 911.2.  A cause of action

11   "accrues" on the date the statute of limitations would begin to run if it were an action between

12   private parties.  Id. at § 901.  Thus, a cause of action accrues when all of its elements have been

13   completed.  Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005).  An exception to this

14   rule is "the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff

15   discovers, or has reason to discover, the cause of action."  Id. at 807.  "Under the discovery rule,

16   suspicion of one or more of the elements of a cause of action, coupled with knowledge of any

17   remaining elements, will generally trigger the statute of limitations period."  Id.  To rely on the

18   discovery rule, a plaintiff "whose complaint shows on its face that his claim would be barred

19   without the benefit of the discovery rule must specifically plead facts to show (1) the time and

20   manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable

21   diligence."  Id. at 808 (internal quotations omitted) (emphasis in original).  The burden is on the

22   plaintiff to show diligence.  Id.

23         Here, Plaintiff alleges that she filed a Government Claim with the County, and the

24   Government Claim was rejected by the County.  FAC at ¶ 6.  Plaintiff, however, does not allege

25   the date she filed the Government Claim or when it was rejected.  Moreover, to the extent Plaintiff

26   argued at oral argument that she filed a timely Government Claim when she learned the extent of

27

28   Case No. 5:14-CV-01770
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
     DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

the officers' misconduct at trial, it appears that Plaintiff is arguing for the discovery rule.  If so, Plaintiff has failed to specifically plead the time and manner of discovery and her inability to have made earlier discovery despite reasonable diligence.

As the FAC is currently pled, it does not appear that a Government Claim was timely filed. If the claim was filed after the criminal trial, as argued by Plaintiff at oral argument, the FAC does not allege sufficient facts to employ the discovery rule to the six-month statute of limitations. Accordingly, Defendants' motion to dismiss the state-law claims is GRANTED.

2.      Tolling

As to tolling, in addition to the provisions discussed above, California Government Code § 945.3 provides:

> Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2.

The plain meaning of the statute states that the tolling provision in Section 945.3 does not apply to the filing of a Government Claim.  Rather, the tolling provision is limited only to the filing of a civil action.  See Musaelian v. City of Santa Rosa, 2009 WL 1457726, at *4 (N.D. Cal. May 26, 2009) (Patel, J.) ("Plaintiff appears to be confusing a 'civil action' with a 'claim.'").  As such, Plaintiff cannot rely on Section 945.3 to argue tolling the six-month statute of limitations to file a Government Claim.

**IV.     CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss and Motion to Strike are GRANTED IN PART AND DENIED IN PART.  In sum:

1.      Defendants' motion to dismiss the Sheriff's Department as an improper party in Section 1983 claims is DENIED.

2.      Defendants' motion to dismiss the Crime Laboratory as an improper party in Section 1983 claims is GRANTED without leave to amend because it would be futile.

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

3.      First Cause of Action: Section 1983:

- Defendants' motion to dismiss the Fourth Amendment claim is GRANTED with leave to amend.

- Defendants' motion to dismiss the Fifth Amendment claim is GRANTED without leave to amend because it would be futile.

- Defendants' motion to dismiss the Eighth Amendment claim is GRANTED without leave to amend because it would be futile.

- Defendants' motion to strike the language "and providing perjured testimony" is GRANTED.

- Defendants' motion to strike the language "prohibition on fabricating and/or planting evidence and" is DENIED.

- Defendants' motion to strike the language "obligations to produce exculpatory evidence" is GRANTED.

- Defendants' motion to dismiss claims alleging municipal liability is DENIED.

4.      Seventh Cause of Action: Section 1983 Claim Alleging Violation of California Civil Code § 52.1

- To the extent this cause of action alleges a Section 1983 claim based on a violation of the Bane Act, those allegations are DISMISSED without leave to amend.

5.      Tenth Cause of Action: Section 1983 Claim Alleging Violation of California Civil Code § 52.1 and Fourth Amendment

- To the extent this cause of action alleges a Section 1983 claim based on a violation of the Bane Act, those allegations are DISMISSED without leave to amend.

- Defendants' motion to dismiss the Fourth Amendment claim is GRANTED with leave to amend.

- Defendants' motion to strike the language "having evidence planted by sheriff and/or police officers" and "planted evidence" is DENIED.

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

6.      Twelfth Cause of Action: <u>Monell</u> Claim Under Section 1983

- Defendants' motion to dismiss the Fourth Amendment claim is GRANTED with leave to amend.
- Defendants' motion to strike the language "falsification of evidence" is DENIED.
- Defendants' motion to dismiss claim of municipal liability is GRANTED with leave to amend.

7.      Thirteenth Cause of Action: Section 1983 Claim Alleging Conspiracy

- To the extent Plaintiff asserts the Fifth Amendment due process clause, Defendant's motion to dismiss that claim is GRANTED without leave to amend because it would be futile.
- Defendants' motion to dismiss the conspiracy claim is DENIED.
- Defendants' motion to strike the language "deliberately fabricate false evidence" and "false evidence deliberately fabricated and/or planted" is DENIED.
- Defendants' motion to dismiss claim of municipal liability is DENIED.

8.      Fourteenth Cause of Action: Civil Conspiracy to Deny Substantive Due Process Based on Tampering With and Falsifying Evidence

- Defendants' motion to strike the language "ignoring, tampering with, destroying, and falsifying evidence" is DENIED.
- Defendants' motion to dismiss claim of municipal liability is DENIED.

9.      Defendants' motion to dismiss the state law claims is GRANTED with leave to amend.

Plaintiff has leave to amend and can file her second amended complaint addressing the deficiencies stated herein no later than 30 days from the date of this order.

In light of this order, the court CONTINUES the Preliminary Pretrial Conference set for

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE

United States District Court
Northern District of California

January 16, 2015 to February 26, 2015 at 11:00 a.m. [8]  The parties shall submit an updated Joint

Preliminary Pretrial Conference Statement no later than February 16, 2015.


**IT IS SO ORDERED**.

Dated: November 26, 2014



EDWARD J. DAVILA
United States District Judge

---

[8] Information regarding the Preliminary Pretrial Conference, which is essentially a trial setting conference, can be found in Judge Edward Davila's Standing Order re: Pretrial Preparation.  This is located in the website for the U.S. District Court, Northern District of California.

24

Case No. 5:14-CV-01770
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS AND MOTION TO STRIKE