UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLISON M. ROSS,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA CLARA COUNTY SHERIFF'S DEPARTMENT (SCCSD), et al.,<br><br>   Defendants. | Case No.  5:14-cv-01770-EJD (HRL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DAVID CAMPAGNA'S DEPOSITION TESTIMONY**<br><br>Re: Dkt. No. 37 |

Plaintiff Allison Ross filed this civil rights action, claiming that she was subjected to an unlawful search and seizure and arrest. According to her complaint, late on the night of December 31, 2009 she "facilitated" a call to the Santa Clara County Sheriff's Department for help in a possible home invasion. Ross claims that deputies who arrived on the scene unlawfully detained her, illegally entered her home, and conducted an unlawful search of the premises. Ross further alleges that she was wrongfully arrested for being under the influence, and that defendants planted narcotics in her home, caused her to ingest water spiked with methamphetamines, and tampered with her blood sample in order to manufacture a false positive for narcotics. Ross asserts claims under 42 U.S.C. § 1983, as well as several pendent state law claims for relief.

In deposition, Ross testified that she believes she is being targeted as part of a conspiracy by the Sheriff's Department to retaliate against her husband, David Campagna, for filing a worker's compensation claim. Campagna, a former County correctional officer, is not a party to

this suit.

Defendants subpoenaed Campagna for deposition. Although he appeared on the designated date, Campagna refused to answer any questions, asserting "spousal privileges." (Dkt. 37-1, Harris Decl. Ex. D at 5:23).[1]

Defendants now move this court for an order compelling Campagna to appear and testify at a deposition. They contend that their examination will not implicate privileged communications he may have had with plaintiff. Campagna opposes the motion. The matter is deemed suitable for determination without oral argument, and the July 28, 2015 hearing is vacated.[2] Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants defendants' motion.

"Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." Agster v. Maricopa Cnty. 422 F.3d 836, 839 (9th Cir. 2005) (citing Fed. R. Evid. 501). Federal law recognizes two types of privileges arising from a marital relationship. One, called the "anti-marital facts" privilege, prohibits one spouse from testifying against another during the length of the marriage. United States v. Montgomery, 384 F.3d 1050, 1056 (9th Cir. 2004); United States v. Marashi, 913 F.2d 724, 729 (9th Cir. 1990). The other, known as the "marital communications" privilege, bars testimony about statements privately communicated between spouses. Montgomery, 384 F.3d at 1056; Marashi, 913 F.2d at 729.

### The "Anti-Marital Facts" Privilege

Defendants contend that the "anti-marital facts" privilege applies only in criminal proceedings, and not in civil matters. They cite several cases in which courts addressing the issue have said as much. See, e.g., Jimenez v. Amgen Mfg. Ltd., 692 F. Supp.2d 219, 221 (D.P.R. 2010) ("The first of the two federal marital privileges, the privilege against adverse spousal testimony, is only applicable in criminal actions and hence has no bearing on this case."); United

---

[1] This court is told that, despite his unwillingness to testify and submit to discovery in this matter, Campagna, plaintiff, and their attorneys contacted a local news station about running a story about this case and provided interviews. According to defendants, the news station has not yet aired the matter. (Dkt. 37-1, Harris Decl., ¶ 13).

[2] With respect to this particular discovery matter, this court previously granted defendants' request to be excused from compliance with the undersigned's Standing Order re Civil Discovery Disputes. Dkt. 34.

States v. Premises Known as 281 Syosset Woodbury Road, 862 F. Supp. 847, 851-52 (E.D.N.Y. 1994) (concluding that the magistrate judge's "implicit determination that the privilege against adverse spousal testimony is only applicable in a criminal action is not clearly erroneous nor is it contrary to law."); Ryan v. Comm'r of Internal Revenue, 568 F.2d 531, 542-45 (7th Cir. 1977) (concluding that the privilege should be limited to instances where a spouse who is neither a victim nor a participant observes evidence of the other spouse's crime); United States v. Van Drunen, 501 F.2d 1393, 1397 (7th Cir. 1974) (same).

Campagna correctly notes that none of these authorities are binding upon this court, but he cites no authority to the contrary. Nor has he directed the court to any case in which the "anti-marital facts" privilege has been applied in the civil context. Instead, he asks this court to apply, as a matter of comity, state law privileges based on California Evidence Code § 970 and § 971, which by their terms appear to apply to any proceeding. California Evidence Code § 970 provides: "Except as otherwise provided by statute, a married person has a privilege not to testify against his spouse in any proceeding." California Evidence Code § 971 provides: "Except as otherwise provided by statute, a married person whose spouse is a party to a proceeding has a privilege not to be called as a witness by an adverse party to that proceeding without the prior express consent of the spouse having the privilege under this section unless the party calling the spouse does so in good faith without knowledge of the marital relationship."

As discussed, state law privileges do not control in federal question cases. Fed. R. Evid. 501; Agster, 422 F.3d at 839. In enacting Federal Rule of Evidence 501, however, Congress' purpose was to give courts flexibility to develop rules of privilege on a case-by-case basis. Trammel v. United States, 445 U.S. 40, 47 (1980). And, federal courts may apply state privileges in federal question cases as a matter of comity. Leon v. Cnty. of San Diego, 202 F.R.D. 631, 635 (S.D. Cal. 2001); Burrows v. Redbud Community Hosp., 187 F.R.D. 606, 608 (N.D. Cal. 1998). "'A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial costs to federal substantive and procedural policy.'" Leon, 202 F.R.D. at 635 (quoting United States v. King, 73 F.R.D. 103, 105 (E.D.N.Y.1976)).

  Even so, the United States Supreme Court has cautioned that "[t]estimonial exclusionary rules and privileges contravene the fundamental principle that "'the public . . . has a right to every man's evidence.'" Trammel, 445 U.S. at 50 (quoting United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950)). "As such, they must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." Id. (citation omitted); see also Holmes v. United States, No. C08-5619 PJH (EMC), 2010 WL 760537 at *1 (N.D. Cal., Mar. 4, 2010) ("To resolve discovery disputes of this kind, a federal court must balance the [moving party's] interests in disclosure against the state's legitimate concern of protecting the [confidential information] from unnecessary intrusions.") (citation omitted). Campanga's cited cases, in which the courts declined to recognize new privileges, are not to the contrary. See Pearson v. Miller, 211 F.3d 57, 67 (3d Cir. 2000) (observing that "with very limited exceptions, federal courts have generally declined to grant requests for new privileges" and that "federal courts are to assess the appropriateness of new privileges as they arise in particular cases, but they are to conduct that assessment with a recognition that only the most compelling candidates will overcome the law's weighty dependence on the availability of relevant evidence."); Grabow v. Cnty. of Macomb, No. C12-10105, 2013 WL 3354505 at *5 (E.D. Mich., July 3, 2013) (stating that "a new evidentiary privilege should not be created unless it 'promotes sufficiently important interests to outweigh the need for probative evidence . . .'") (quoting Trammel, 445 U.S. at 51).

  Campagna argues that § 970 and § 971 serve an important public policy of protecting the marital relationship from unwarranted intrusion. To be sure, that is an important purpose. But, Campagna offers no explanation why that, in and of itself, justifies an absolute bar on his testimony in this case. Indeed, according to excerpts of plaintiff's deposition testimony, Campagna was a percipient witness to the events in question, he owns the house that was searched, and plaintiff identified his worker's compensation claim as the basis of her conspiracy claims. (Dkt. 37-1, Harris Decl., Ex. D). Applying an evidentiary privilege excusing Campagna from testifying at all runs counter to the liberal policy of discovery under the Federal Rules and

4

would essentially permit plaintiff to provide her side of the story without giving defendants a fair opportunity to explore her assertions. Campagna has not cited, and this court has not found, any cases applying California Evidence Code § 970 and § 971 in a federal civil rights case. And, some courts have observed that "'[i]t obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state or local authorities.'" Leon, 202 F.R.D. at 636 (quoting Miller v. Pancucci, 141 F.R.D. 292, 297 (C.D.Cal.1992)). This court declines Campagna's request to apply California Evidence Code § 970 and § 971 here.

**The "Marital Communications" Privilege**

As discussed, the "marital communications" privilege "bars testimony concerning statements privately communicated between spouses." Marashi, 913 F.2d at 729. This privilege (1) "extends only to words or acts intended as communication to the other spouse"; (2) "covers only those communications made during a valid marriage"; and (3) "applies only to those marital communications which are confidential." Id. at 729-30. "[T]he privilege does not extend to statements which are made before, or likely to be overheard by, third parties." Id. at 730.

Defendants do not dispute that this privilege may apply here to the extent any deposition questions call for such communications. Nevertheless, defendants contend that the privilege will likely not be implicated because they intend to examine Campagna primarily about his interactions with defendants on December 31, 2009. They also say that they may question Campagna about a number of other topics, including plaintiff's actions; his perceptions of her appearance and demeanor; any non-confidential communications between Campagna and plaintiff; and his actions and statements to third parties. The deposition has yet to take place; and, at this juncture, this court declines to rule, in a vacuum, as to what questions Campagna should answer or to say definitively what topics will be permitted. Nevertheless, the "marital communications" privilege does not excuse Campagna from testifying, and any relevant non-privileged matters are legitimate subjects for discovery.

Based on the foregoing, defendant's motion to compel Campagna's deposition testimony is granted. Campagna shall appear for deposition on the earliest date and time available for

everyone[3] and to provide non-privileged testimony relevant to this matter.

SO ORDERED.

Dated:   July 22, 2015

HOWARD R. LLOYD
United States Magistrate Judge

---

[3] The court expects Campagna, the parties, and their counsel to cooperate in good faith and to work reasonably with one another in scheduling the deposition, bearing in mind the case management deadlines set by Judge Davila.

5:14-cv-01770-EJD Notice has been electronically mailed to:

Aryn Paige Harris     aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

B.J. Fadem     bjfadem@fademlaw.com

Gabrielle Jan Korte     lori@costanzo-law.com, gabrielle@costanzo-law.com, ilana@costanzo-law.com, jai@costanzo-law.com

Lori J. Costanzo     lori@costanzo-law.com, samantha@costanzo-law.com

Meghan Feronie Loisel     meghan.loisel@cco.sccgov.org, linda.ramos@cco.sccgov.org

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Steven M. Fink     smf@sjlawyers.com, crubi@sjlawyers.com, swagner@sjlawyers.com