UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLISON M. ROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 5:14-cv-01770-EJD (HRL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL WORKER'S COMPENSATION RECORDS**<br><br>Re: Dkt. No. 36 |

    Plaintiff Allison Ross filed this civil rights action, claiming that she was subjected to an unlawful search and seizure and arrest. According to her complaint, late on the night of December 31, 2009 she "facilitated" a call to the Santa Clara County Sheriff's Department for help in a possible home invasion. Ross claims that deputies who arrived on the scene unlawfully detained her, illegally entered her home, and conducted an unlawful search of the premises. Ross further alleges that she was wrongfully arrested for being under the influence, and that defendants planted narcotics in her home, caused her to ingest water spiked with methamphetamines, and tampered with her blood sample in order to manufacture a false positive for narcotics. Plaintiff asserts claims under 42 U.S.C. § 1983, as well as several pendent state law claims for relief. Her thirteenth and fourteenth claims for relief allege that defendants engaged in a conspiracy to fabricate evidence against her and a conspiracy to deprive her of her Fourteenth Amendment due process rights through the alleged tampering with and falsification of evidence.

In deposition, Ross testified that she believes she is being targeted as part of a conspiracy by the Sheriff's Department to retaliate against her husband, David Campagna, for filing a worker's compensation claim. Campagna, a former County correctional officer, is not a party to this suit.

Defendants subpoenaed Campagna's worker's compensation records. Citing his right to privacy, Campagna objected to the disclosure of those documents. Arguing that the records are relevant to plaintiff's conspiracy claims and claim for punitive damages, defendants now move for an order compelling production, as well as for entry of a suitable protective order. Campagna opposes the motion. The matter is deemed suitable for determination without oral argument, and the July 28, 2015 hearing is vacated.[1]  Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court grants defendants' motion.

Campagna argues that the requested records have nothing to do with plaintiff's claims and says that his wife's testimony about his worker's compensation claim was merely her speculation about defendants' possible "secret motivation" for targeting her. Parties may obtain discovery about any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1211 (Fed.Cir.1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Citing Katzman v. Los Angeles Cnty. Metro. Transp. Authority, --- F. Supp. 3d ---, No. 13-cv-00438-LHK, 2014 WL 5698207 at *11 (N.D. Cal., Nov. 4, 2014), Campagna argues that defendants' alleged "secret motivation" is irrelevant to a conspiracy claim, and contends that conspiracy "is not a cause of action." (Dkt. 43, Opp. at 5). The cited portion of Katzman, however, says nothing of the kind. There, all the court said was that "because conspiracy is not itself a *tort* under § 1983, a claimed conspiracy to violate § 1983 must always have an underlying

---

[1] With respect to this particular discovery matter, this court previously granted defendants' request to be excused from compliance with the undersigned's Standing Order re Civil Discovery Disputes. Dkt. 34.

1   constitutional violation." Id. (emphasis added).  Ross' conspiracy claims clearly are premised on
2   an alleged violation of her Fourteenth Amendment due process rights.

3   Campagna next argues that, because he is a non-party, defendants are required to make a
4   stronger showing of relevance than they would if they were seeking discovery from a party, citing
5   Laxalt v. McClatchy, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The rule is thus well established that
6   nonparties to litigation enjoy greater protection from discovery than normal parties."). Nonparties
7   are not, however, immune from discovery; and, this court readily concludes that defendants have
8   made the requisite showing of relevance here.  When asked in deposition why she believes the
9   County Sheriff's Department is targeting her, Ross clearly identified Campagna's worker's
10  compensation claim as one of the reasons, i.e., "to see if they could get him on some kind of
11  Workers' Comp fraud." (Dkt. 36-3, Harris Decl., Ex. B at 165:23-24).  Contrary to Campagna's
12  arguments, this strikes the court as more than speculative musing by plaintiff.  It appears to be her
13  theory of the case (or one of them), and she has put Campagna's worker's compensation records at
14  issue.  Moreover, defendants correctly note that in assessing plaintiff's request for punitive
15  damages, "a jury may award punitive damages under section 1983 either when a defendant's
16  conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference
17  to the constitutional rights of others." Morgan v. Woessner, 997 F.2d 1244, 1255 (9th Cir. 1993)
18  (citations omitted).

19  Campagna nevertheless maintains that the requested records should not be produced
20  because they are private.  "In California, the right to privacy is set forth in Article I, Section I of
21  the California Constitution." Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal.
22  1995).  The right to privacy, however, is not absolute and may "be invaded for litigation
23  purposes." Id.  While federal courts are to give that privacy right some weight, this court's
24  essential task is to determine whether Campagna's privacy right outweighs defendants' legitimate
25  interest in discovery of the requested records.  This court concludes that it does not.

26  As discussed, the scope of pre-trial discovery is very broad, and defendants have
27  established that the requested records are highly relevant.  Compelling their disclosure therefore
28  comports with the liberal policy of discovery under the Federal Rules and the truth-seeking

function of such discovery. While there will be some intrusion on Campagna's privacy interests in the contents of the records, this court finds that compelling their disclosure, solely for use in this litigation, will only be minimally invasive and that any intrusion will be further minimized by entering a suitable protective order limiting the use and dissemination of those documents.[2] Moreover, it appears that the information in those records is not available from any other source, except for Campagna's testimony.[3] In view of the highly relevant nature of the documents, however, as well as the broad scope of discovery, this court finds that defendants are entitled to discovery of the documents themselves in addition to Campagna's testimony about them.

Based on the foregoing, defendants' motion to compel production of Campagna's worker's compensation records is granted. The records shall be produced forthwith.

SO ORDERED.

Dated: July 23, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[2] The court has reviewed defendants' proposed protective order and finds its terms to be sufficient to protect the subject documents. Having received no objections to defendants' proposed protective order, this court will enter it as an order (with some modification).

[3] Defendants also subpoenaed Campagna for deposition, but he refused to testify. This court has since granted defendants' motion to compel his testimony. Dkt. 51.

4

5:14-cv-01770-EJD Notice has been electronically mailed to:

Aryn Paige Harris     aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

B.J. Fadem     bjfadem@fademlaw.com

Gabrielle Jan Korte     lori@costanzo-law.com, gabrielle@costanzo-law.com, ilana@costanzo-law.com, jai@costanzo-law.com

Lori J. Costanzo     lori@costanzo-law.com, samantha@costanzo-law.com

Meghan Feronie Loisel     meghan.loisel@cco.sccgov.org, linda.ramos@cco.sccgov.org

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Steven M. Fink     smf@sjlawyers.com, crubi@sjlawyers.com, swagner@sjlawyers.com