UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLISON M. ROSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA COUNTY SHERIFF'S DEPARTMENT (SCCSD), et al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-01770-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 64 |

Presently before the court is a Motion to Dismiss filed by various defendants affiliated with the County of Santa Clara. See Docket Item Nos. 64. Plaintiff Allison M. Ross ("Plaintiff") did not file timely written opposition to this motion, despite being served by mail. Accordingly, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The associated hearing date will be vacated and this motion will be granted.

The lack of any written opposition raises the issue of whether this action should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b); see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). A plaintiff's failure to file an opposition to a motion to dismiss as required by this district's local rules can constitute grounds for dismissal under Rule 41(b). See Espinosa v. Washington Mut. Bank, No. C 10-04464 SBA, 2011 U.S. Dist. LEXIS 12948, at *3, 2011 WL 334209 (N.D. Cal. Jan. 31, 2011); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

1

Case No.: 5:14-cv-01770-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Having carefully considered the relevant factors, the court concludes they favor the dismissal of this action. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This factor is compelling under these circumstances since Plaintiff failed to timely respond to a motion which specifically seeks dismissal for failure to prosecute. It therefore appears to the court that Plaintiff no longer wishes to pursue this action.

For the second factor, the court must be able to manage its docket "without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642; see also Ferdik, 963 F.2d at 1261 (noting that a litigant's non-compliance with rules and orders diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). The third factor also weighs strongly in favor of dismissal because Plaintiff has offered no explanation for her failure to oppose or respond to the dismissal motion; thus, the court can discern no unique species of prejudice to Plaintiff outside of a dismissal of her case, while the cost to Defendants in maintaining an unviable action is evident. See Espinosa, 2011 U.S. Dist. LEXIS 12948, at *5.

As to the fourth factor, the court has considered whether to issue an order to show cause prior to dismissal. But since Plaintiff's was already notified of the potential for dismissal through receipt of this motion, the court believes it unnecessary to allow Plaintiff yet another opportunity to respond.

For the fifth factor, though the public policy favoring disposition of cases on their merits often weighs against dismissal, it is overridden here by the cumulative weight of the preceding factors. See Pagtalunan, 291 F.3d at 643 (affirming dismissal of action where three of the five factors weighed in favor of that result).

Thus, based on the foregoing, Defendants' unopposed Motion to Dismiss is GRANTED and the Complaint is DISMISSED WITH PREJUDICE for failure to prosecute. The hearing scheduled for January 21, 2016, is VACATED. Judgment will be entered in favor of Defendants

2
Case No.: 5:14-cv-01770-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1   and the Clerk shall close this file.

3   **IT IS SO ORDERED.**

4   Dated:  October 16, 2015


EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:14-cv-01770-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS